UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAL PEOPLES,

    Plaintiff,                          CASE NO. 09-CV-12464

v.                                      JUDGE MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT COURT

CITY OF DETROIT, et. al.,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**    **INTRODUCTION**

Plaintiff Jeral Peoples, a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). Plaintiff's claims arise as a result of his incarceration at the Wayne County Jail in Detroit, Michigan. He names four Defendants: The City of Detroit, The Detroit Police Department, and Wayne County Prosecutors Joseph Humphrey and Kim Worthy. Plaintiff alleges false imprisonment and malicious prosecution, stemming from an incident that occurred on June 4, 2003. For the reasons stated below, the Court denies Plaintiff leave to proceed *in forma pauperis* and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

**II.**    **DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

> or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a prisoner case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

Plaintiff has filed more than three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Peoples v. Choppler*, No. 05-00286 (W.D. Mich. June 29, 2009); *Peoples v. Hoover*, No. 08-cv-00002 (W.D. Mich. Mar. 31, 2009); *Peoples v. Barrett*, No. 05-40395 (E.D. Mich. Jan. 17, 2006); *Peoples v. Mayer*, No. 04-00252 (W.D. Mich. June 6, 2005); *Peoples v. Larqusire*, No. 04-00245 (W.D. Mich. Jan. 27, 2005).

However, a plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file

2

his complaint and proceed *in forma pauperis*. *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed) *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception)

In his *pro se* complaint, Plaintiff alleges that he is imprisoned on the basis of false information, and that Defendants have violated his Fourth, Eighth, and Fourteenth Amendment rights. The facts outlined in Plaintiff's complaint do not present the danger of physical harm. Moreover, the incidents described occurred in June 2003. Plaintiff cannot show that he is in imminent danger related to incidents occurring six years ago. Therefore, his complaint does not fall within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed.App'x. 470, 472 (6th Cir. 2002). Plaintiff's complaint is thus subject to dismissal pursuant to § 1915(g).

**III.   ORDER**

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT**

**PREJUDICE** pursuant to 28 U.S.C. § 1915(g).  Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within thirty (30) days.  Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

      s/Marianne O. Battani
      MARIANNE O. BATTANI
      UNITED STATES DISTRICT JUDGE

DATED: July 9, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff, Jeral Peoples.

      s/Bernadette M. Thebolt
      Case Manager