UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAL AARON PEOPLES (#253654),

                      Plaintiff,

v.

CASE NO. 2:09-CV-12464
JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE PAUL J. KOMIVES

CITY OF DETROIT, DETROIT POLICE DEPARTMENT,
JOSEPH HUMPHREY and KYM WORTHY,

                      Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S APRIL 8, 2011 APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. Ent. 30), PLAINTIFF'S APRIL 8, 2011 REQUEST FOR U.S. MARSHAL SERVICE UPON DEFENDANTS (Doc. Ent. 31) and PLAINTIFF'S JUNE 6, 2011 MOTION FOR U.S. MARSHAL SERVICE UPON DEFENDANTS (Doc. Ent. 39)**

**I.**     **RECOMMENDATION:** The Court should deny without prejudice plaintiff's April 8, 2011 application to proceed without prepayment of fees (Doc. Ent. 30), plaintiff's April 8, 2011 request for U.S. Marshal service upon defendants (Doc. Ent. 31) and plaintiff's June 6, 2011 motion for U.S. Marshal service upon defendants (Doc. Ent. 39).

Additionally, the Court should require plaintiff to show cause why some of or all of his June 23, 2009 complaint (Doc. Ent. 1) should not be dismissed for failure to state a claim upon which relief may be granted.

**II.**     **REPORT:**

**A.**     **Plaintiff's 2003 State Court Conviction and Related Appeals**

**1.**     Jeral Aaron Peoples (#253654) is currently incarcerated at Marquette Branch Prison (MBP) where he is serving a sentence for a June 4, 2003 violation of Mich. Comp. Laws § 750.84

(assault with intent to do great bodily harm less than murder). *See* Case No. 03-7347 (Wayne County); www.michigan.gov/corrections, "Offender Search."

Peoples was arraigned on June 7, 2003, the warrant recall was signed by Magistrate Margaret E. Baylor of the 36th District Court, and plaintiff's examination took place on June 20, 2003, at which time he was bound over by Judge Marion Moore. Doc. Ent. 38 at 3-5. At some point, Peoples entered a plea, and, on October 7, 2003, he was sentenced to six (6) months to ten (10) years. *See* www.michgian.gov/corrections, "Offender Search."

**2.** On May 25, 2005, plaintiff filed a pro se delayed application for leave to appeal in the Michigan Court of Appeals.[1] Approximately one month later, on June 30, 2005, the Michigan Court of Appeals entered an order dismissing the delayed application for leave to appeal, "for failure to pursue the case in conformity with the rules."

On October 31, 2005, the Michigan Supreme Court denied plaintiff's application for leave to appeal the June 30, 2005 order of the Court of Appeals[.]" *People v. Peoples*, Mich. Case No. 129111, Mich. App. Case No. 262897.

**3.** On November 19, 2007, plaintiff filed a delayed application for leave to appeal the December 4, 2006 order on his motion for relief from judgment filed in the Wayne County Circuit Court. On February 20, 2008, the Michigan Court of Appeals dismissed the delayed application for leave to appeal "for failure to pursue the case in conformity with the rules."

---

[1] On June 23, 2005, the United States Supreme Court decided *Halbert v. Michigan*, 545 U.S. 605 (2005), holding that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Halbert*, 545 U.S. at 610.

On September 9, 2008, the Michigan Supreme Court denied the application for leave to appeal the February 20, 2008 order of the Court of Appeals. *See Peoples v. Peoples*, Mich. Case No. 136157, Mich. App. Case No. 281986. On January 12, 2009, the United States Supreme Court denied the "[p]etition for writ of certiorari to the Court of Appeals of Michigan[.]" *Peoples v. Michigan*, 129 S.Ct. 926 (2009).

**4.** Plaintiff filed a state court complaint for habeas corpus on March 5, 2009. On April 8, 2009, the Michigan Court of Appeals denied plaintiff's motion to waive fees. On July 7, 2009, the Michigan Court of Appeals entered an order dismissing the complaint for habeas corpus "for failure to pursue the case in conformity with the rules."

On July 30, 2009, the Michigan Supreme Court denied the motion to waive fees. And, on November 23, 2009, the Michigan Supreme Court denied the application for leave to appeal the July 7, 2009 order of the Court of Appeals and the motion for the appointment of counsel. *See Peoples v. Department of Corrections*, Mich. Case No. 290762, Mich. App. Case No. 139382.

**B.     Plaintiff's 2008 MDOC Grievance (AMF-08-12-05057-28g)**

During November 2008, while incarcerated at Baraga Maximum Correctional Facility (AMF), plaintiff filed a Step I grievance (AMF-08-12-05057-28g). Within this grievance, plaintiff mentions an October 2008 Step III Grievance Appeal and related responses in AMF-08-09-03749-28g; contends he is unlawfully imprisoned; and takes issue with James Armstrong's November 13, 2008 affidavit (attached to defendants' November 18, 2008 surreply) filed in

*Peoples v. Hoover, et al.*, Case No. 2:08-cv-00002-RHB-TPG (W.D. Mich.) (Doc. Ent. 94-2).[2] S. Raymond responded on December 1, 2008. Doc. Ent. 1 at 7.

On December 4, 2008, plaintiff completed a Step II grievance appeal form in which he challenged the legality of his imprisonment. Warden Capello responded on December 19, 2008. Doc. Ent. 1 at 8.

On or about January 6, 2009, plaintiff completed a Step III grievance appeal form in which he alleged that ineffective assistance of counsel resulted in his unlawful imprisonment. Doc. Ent. 1 at 8. J. Armstrong's February 5, 2009 Third Step Grievance Response denies the grievance appeal. Doc. Ent. 1 at 9.

**C.     Plaintiff's June 23, 2009 Complaint**[3]

---

[2]In this November 13, 2008 affidavit, Armstrong attests that "[t]here is no documentation in [his] Office to indicate [he] received or answered any Step III grievances numbered AMF-08-09-03751-28E and AMF-08-07-03023-17A as indicated by Plaintiff." Doc. Ent. 94-2 ¶ 17 (Case No. 2:08-cv-00002-RHB-TPG (W.D. Mich.)).

On May 23, 2010, the Sixth Circuit affirmed the district court's March 31, 2009 dismissal (Doc. Ent. 120). *See* Doc. Ent. 135 (Case No. 2:08-cv-00002 (W.D. Mich.), Case No. 09-1457 (6th Cir.)).

[3]Plaintiff has been a party to another case in the E.D. Mich. On December 29, 2005, plaintiff filed a prisoner civil rights case, *Peoples v. Barrett*, Case No. 4:05-cv-40395-PVG-WC. Judge Gadola entered an opinion and order dismissing his civil rights complaint, denying his motion for appointment of counsel, and concluding that an appeal could not be taken in good faith. Doc. Ent. 5. On September 14, 2006, the Sixth Circuit affirmed the district court's judgment (6th Cir. Case No. 06-1234). Doc. Ent. 21.

Also, plaintiff has two open cases in the Western District. First, on February 5, 2010, plaintiff filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody in the U.S. District Court for the Western District of Washington at Tacoma. The case was transferred to the Western District of Michgian on March 9, 2010. *See Peoples v. Capello*, Case No. 2:10-cv-00049-RAED-TPG (Habeas Corpus). Second, on May 23, 2010, plaintiff filed a prisoner civil rights case against several defendants. *See Peoples v. Grant, et al.*, Case No. 2:11-cv-00203-RAED-TPG.

On June 23, 2009, while incarcerated at AMF, plaintiff filed this prisoner civil rights complaint against the City of Detroit, the Detroit Police Department, Joseph Humphrey and Kym Worthy, as well as "Defendants 13th Precinct." Doc. Ent. 1 at 1.[4] Plaintiff's claims are based upon alleged false imprisonment and malicious prosecution. Doc. Ent. 1 at 5.

In his "Statement of Claim," plaintiff takes issue with the events of June 4, 2003 - the offense date underlying his October 7, 2003 plea in Wayne County Case No. 03-7347. According to plaintiff, the arrest warrant was based upon false information from complainant Haithan Zora. Doc. Ent. 1 at 5. Citing the Fourth Amendment, plaintiff questions why the 36th District Court, the Detroit Police Department (DPD), the DPD defendants and/or Judge Marion Moore of Detroit's 36th District Court, "failed to conduct a probable cause hearing within 48 [hours] of [his] unlawful arrest." Doc. Ent. 1 at 5-6.[5] He claims his Fourteenth Amendment right to due process has been violated; he contends he is unlawfully imprisoned; and he contends that his right to a fair trial was violated. In addition, plaintiff mentions violations of his Sixth Amendment right to effective assistance of counsel and his Eighth Amendment right against cruel and unusual punishment. Plaintiff also alleges that the Detroit Police Department used excessive force and violated the Racketeer Influenced and Corrupt Organizations Act (RICO), specifically referring to

---

[4] The Detroit Police Department's Central District, located at 7310 Woodward Avenue, Detroit, Michigan 48202, was formerly the First and Thirteenth Precincts. *See* www.detroitmi.gov, Departments, Police Department, Police Stations, Central District.

[5] "In *County of Riverside v. McLaughlin*, 500 U.S. 44, 57 . . . (1991), we held that the Fourth Amendment generally requires a judicial determination of probable cause within 48 hours of a warrantless arrest." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 360 (1994).

complainant Zora, Investigator Soviak[6] and the December 4, 2006 ruling in the Wayne County Circuit Court on the motion for relief from judgment. Doc. Ent. 1 at 6.

Plaintiff then sets forth a prayer for relief. In addition to mentioning various constitutional violations, plaintiff alleges that he "was coerced into prison where there was not trial and wants a trial." Doc. Ent. 1 at 6.

### D.     Judge Battani's July 9, 2009 Summary Dismissal

Along with his complaint, plaintiff filed an application to proceed without prepayment of fees (Doc. Ent. 2). However, on July 9, 2009, Judge Battani entered an opinion and order of summary dismissal (Doc. Ent. 3) and entered judgment in favor of defendant and against plaintiff (Doc. Ent. 4). Among other things, Judge Battani noted:

> Plaintiff has filed more than three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Peoples v. Choppler*, No. 05-00286 (W.D. Mich. June 29, 2009); *Peoples v. Hoover*, No. 08-cv-00002 (W.D. Mich. Mar. 31, 2009);[7] *Peoples v. Barrett*, No. 05-40395 (E.D. Mich. Jan. 17, 2006) [Gadola, J.]; *Peoples v. Mayer*, No. 04-00252 (W.D. Mich. June 6, 2005); *Peoples v. Larqusire*, No. 04-00245 (W.D. Mich. Jan. 27, 2005).

Doc. Ent. 3 at 2.

On July 20, 2009, plaintiff filed a motion for leave to file an amended complaint. Doc. Ent. 5. Subsequently, he filed a motion for reconsideration regarding the judgment. Doc. Ent. 6. Judge Battani denied the motion for reconsideration and denied as moot the motion for leave to file an amended complaint. Doc. Ent. 12.

---

[6]An individual identified as "Sowiak" of the 13th Precinct is listed on the June 7, 2003 Felony Warrant Recall. Doc. Ent. 38 at 5.

[7]On May 13, 2010, the Sixth Circuit affirmed the District Court's judgment and denied Peoples' motion to appoint counsel. *Peoples v. Hoover*, 377 Fed. Appx. 461 (2010).

On April 22, 2010, plaintiff filed a motion for partial summary judgment. Doc. Ent. 14. On April 30, 2010, Judge Battani denied this motion as moot. Doc. Ent. 15. On June 18, 2010, Judge Battani entered an order denying plaintiff's (1) motion for extension of time (Doc. Ent. 17), (2) motion for partial summary judgment (Doc. Ent. 18), (3) motion to compel (Doc. Ent. 20), and (4) motion for order staying proceedings as moot (Doc. Ent. 21). Doc. Ent. 22.

**E.    The Sixth Circuit's March 24, 2011 Order (Case No. 09-02057)**

On August 17, 2009, plaintiff appealed the July 9, 2009 dismissal without prejudice. Doc. Ent. 9. On March 29, 2010, the Sixth Circuit granted plaintiff's August 17, 2009 application to proceed in forma pauperis on appeal (Doc. Ent. 10). Doc. Ent. 24.

On June 9, 2010, the Sixth Circuit dismissed the appeal for want of prosecution. Doc. Ent. 19. On June 29, 2010, the Sixth Circuit granted the motion to reinstate the case. Doc. Ent. 23.

Its March 24, 2011 order vacated the district court's opinion and order of summary dismissal. Doc. Ent. 25. The Sixth Circuit specifically stated:

> The district court referenced more than three prior cases filed by Peoples that were dismissed for being frivolous or failing to state a claim upon which relief could be granted. However, of the five cases relied upon by the district court, *Peoples v. Choppler*, No. 05-cv-00286 was decided on a motion for summary judgment. 2010 WL 891831 (W.D. Mich. Mar. 11, 2010). *Peoples v. Hoover*, No. 08-cv-00002 was decided on a motion for summary judgment. 2009 WL 891703 (W.D. Mich. Mar. 31, 2009). *Peoples v. Larqusire*, No. 04-cv-00245 (W.D. Mich. Jan.7, 2005), was dismissed without prejudice for failure to pay the partial filing fee. Because only two "strikes" have been demonstrated, the district court erred when it dismissed Peoples's civil rights action under § 1915(g).

Doc. Ent. 25 at 2. The mandate issued on April 18, 2011. Doc. Ent. 33.

**F.    Plaintiff's April 8, 2011 Application to Proceed without Prepayment of Fees (Doc. Ent. 30)**

This Court denied plaintiff's initial application to proceed in forma pauperis. *See* Doc. Entries 2 & 3. Currently before the Court is plaintiff's April 8, 2011, application to proceed without prepayment of fees and affidavit. Doc. Ent. 30.

This request should be denied. The second page of this form request provides that "a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account." Doc. Ent. 30 at 2. Neither a Certificate of Prisoner Institutional / Trust Fund Account Activity nor a MDOC Trust Account Statement is attached to plaintiff's April 8, 2011 application.[8]

However, plaintiff's April 8, 2011 application to proceed in forma pauperis should be denied without prejudice to renewal if plaintiff refiles his application to proceed in forma pauperis and attaches the appropriate documentation.

### G. Plaintiff's April and June 2011 Requests for Service by the U.S. Marshal (Doc. Entries 31 and 39)

Judge Battani has referred this case to me for pretrial matters. Doc. Ent. 32. On April 8, 2011, plaintiff filed a request for the U.S. Marshal to effect service of process upon defendants

---

[8]Attached to plaintiff's June 23, 2009 application was a Certificate of Prisoner Institutional / Trust Fund Account Activity (Doc. Ent. 2 at 3) and an MDOC Trust Account Statement for the period June 2, 2008 to June 2, 2009 (Doc. Ent. 2 at 4-35).
    Likewise, attached to plaintiff's August 17, 2009 application to proceed in forma pauperis on appeal was a Certificate of Prisoner Institutional / Trust Fund Account Activity (Doc. Ent. 10 at 3) and an MDOC Trust Account Statement for the period June 29, 2008 to June 29, 2009 (Doc. Ent. 10 at 4-34).

pursuant to Fed. R. Civ. P. 4(c) ("Service.")[5] and 28 U.S.C. § 1915 ("Proceedings in forma pauperis"). Doc. Ent. 31. Plaintiff contends he "has good cause for failing to serve defendants as he was unable to do so, because he is proceeding in forma pauperis." Doc. Ent. 31 at 2. Thus, plaintiff requests that "this court appoint a Marshal to effectuate service upon defendants." Then, he lists Prosecutor Joseph Humphery, Wayne County Prosecutor's Office, at 1441 St. Antoine Street, Detroit, Michigan 48226 (¶ 1); Magistrate Judge Elizabeth Baylor, formerly of the 36th District Court at 421 Madison, Detroit, Michigan 48226 (¶ 2); and Police Officer Andrew Sapienza, formerly of the 13th Precinct at 4747 Woodward Avenue, Detroit, Michgian 48201 (¶ 3). Doc. Ent. 31 at 3. Plaintiff filed a similar request on June 6, 2011. Doc. Ent. 39.

Plaintiff's requests for the U.S. Marshal to effect service of process upon defendants should be denied at this time. First, it is likely that plaintiff intended to name more than the defendants who currently appear on the docket. Fed. R. Civ. P. 10 provides that "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Accordingly, the docket of this case lists only four defendants, those who are identified in the caption of plaintiff's form prisoner civil rights complaint: the City of Detroit, the Detroit Police Department, Prosecutor Joseph Humphrey and Kym Worthy, who is currently the Wayne County Prosecutor. Doc. Ent. 1 at 1. However, the caption of the complaint also lists "Defendants 13th Precinct." Furthermore, Section IV of the form complaint, which is labeled, "Parties[,]" also lists Investigator Gregory

---

[5]"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3) ("By a Marshal or Someone Specially Appointed.").

Soviak, Officer Andrew Sapienza, Officer Harry Taylor, Flora E. Humphery, Lieutenant Elliot, Officer Allen and Investigator Simon. Doc. Ent. 1 at 5. And, the only address provided in plaintiff's complaint is 1441 St. Antoine, Detroit, Michigan 48226 (Doc. Ent. 1 at 1, 5); this is the address of the Frank Murphy Hall of Justice, wherein the Wayne County Prosecutor's Office is located.[6] Therefore, it would be difficult for the Court to draft an order which makes clear to the U.S. Marshal the number and names of defendants to be served and the addresses at which to accomplish service.

Second, it may be futile to serve some of the defendants in this case. For example, plaintiff names the "Detroit Police Department" as a defendant, but "the police department is not a legal entity against whom a suit can be directed." *Haverstick Enterprises, Inc. v. Financial Fed. Credit, Inc.*, 803 F.Supp. 1251, 1256 (E.D. Mich.1992) (Edmunds, J.) (citing *Moomey v. City of Holland*, 490 F.Supp. 188 (W.D. Mich.1980)).[7] Furthermore, plaintiff names prosecutors Humphrey and Worthy as defendants; "[p]rosecutors, however, have absolute immunity for their conduct." *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994). Also, some of plaintiff's complaint questions the validity of his conviction; but, when considering "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983[,]"

---

[6]The address for the Detroit Police Department, Chief of Police's Office, is 1300 Beaubien, Detroit, Michigan 48226, and the address for the Detroit Law Department is 660 Woodward Avenue, Suite 1650, First National Building, Detroit, Michigan 48226. *See* www.detroitmi.gov.

[7]"The Detroit Police Department has specifically been found to be 'merely a creature of the City of Detroit,' which is the proper defendant. *Pierzynowski v. Police Dep't City of Detroit*, 941 F.Supp. 633, 637 n. 4 (E.D. Mich.1996) [Gadola, J.]. Therefore, defendant City of Detroit's motion to dismiss the complaint against the Detroit Police Department should be granted to the extent it seeks termination of the Detroit Police Department as a defendant." *Medley v. City of Detroit*, 2008 WL 4279360, 5 (E.D. Mich. Sept. 16, 2008) (Battani, J., adopting Aug. 12, 2008 report and recommendation of Komives, M.J.).

the United States Supreme Court has concluded that where "the damages claims challenged the legality of the conviction, . . . the dismissal of the action was correct." *Heck v. Humphrey*, 512 U.S. 477, 478 & 490 (1994). For these reasons, plaintiff should be required to show cause why all or part of his June 23, 2009 complaint should not be dismissed for failure to state a claim upon which relief may be granted.

The Court should allow plaintiff to renew his request for the U.S. Marshal to effect service of process upon defendants if the list of his defendants is clarified and if he is able to show cause why some parts of his complaint should not be dismissed for failure to state a claim upon which relief may be granted.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

11

unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated:6/16/11

| |
|---|
| The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on June 16,  2011.<br><br>                                      s/Eddrey Butts<br>                                      Case Manager |