UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAL AARON PEOPLES
(#253654),

        Plaintiff,                    CASE NO. 2:09-CV-12464

v.                                      HON. MARIANNE O. BATTANI

CITY OF DETROIT, ET AL.,

        Defendants.
_____/

**ORDER REJECTING PLAINTIFF'S OBJECTIONS,
ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DENYING WITHOUT PREJUDICE
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Now before the Court are Plaintiff Jeral Aaron Peoples's objections (Doc. No. 45) to the Magistrate Judge's June 16, 2011 Report and Recommendation ("R&R") (Doc. No. 40). In the R&R, the Magistrate Judge recommended that the Court deny without prejudice Plaintiff's Application to Proceed Without Prepayment of Fees (Doc. No. 30), Plaintiff's April 8, 2011, Request For Marshal Service Upon Defendants (Doc. No. 31), and Plaintiff's June 6, 2011, Motion for Marshal Service Upon Defendants (Doc. No. 39). For the reasons that follow, the Court **REJECTS** Plaintiff's objections, **ADOPTS IN PART** the R&R, **DISMISSES** without prejudice Plaintiff's Application to Proceed Without Prepayment of Fees, and **DISMISSES AS MOOT** Plaintiff's April 8, 2011 and June 6, 2011 Motions for Marshal Service Upon Defendants.

**I.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. See (Doc. No. 40 at 1-8).

## II. STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

Plaintiff raises two objections to the R&R. First, Plaintiff asserts that his former correctional facility, Baraga Maximum Correctional Facility ("AMF"), will not provide him with a six-month Trust Fund Activity Statement for the necessary period unless the Court orders it to do so. Thus, Plaintiff asks the Court to allow him to proceed without prepayment of fees. Second, Plaintiff takes exception with the Magistrate Judge's determination that Plaintiff has not provided appropriate addresses to effectuate U.S. Marshal service upon Defendants.

**A. Application to Proceed Without Prepayment of Fees**

In his R&R, Magistrate Judge Komives correctly observed that Plaintiff has not provided the necessary documentation to proceed without prepayment of fees. (Doc. No. 40, at 8). A prisoner without funds should not be denied access to federal court based on poverty. Hampton v. Hobbs, 106 F.3d 1281, 1284 (6th Cir. 1997). However, "[t]he fee requirements placed on prisoners under the Prison Litigation Reform Act do not deprive them of adequate, effective, and meaningful access to the courts." Id. Thus, in order to proceed without prepayment of fees, a prisoner must provide the federal court with an account statement for the prior six months, in order for the court to assess whether the prisoner has the funds to pay the fees. See 28 U.S.C. § 1915(b).

Plaintiff's March 30, 2011 Application to Proceed Without Prepayment of Fees specifically notified him of the material needed to accompany his application:

> NOTICE TO PRISONER: A prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. **If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

(Doc. No. 30, at 2) (emphasis added) (stating requirements in 28 U.S.C. § 1915(a)(2)). Plaintiff did not attach a Trust Account Statement to his application. Attached to his R&R, Plaintiff submits a Trust Account Statement from the Marquette Branch Prison, where he currently is incarcerated, for the period May 1, 2011 to May 31, 2011. The only other time Plaintiff submitted a Trust Account Statement was in support of his original June 23, 2009 Application to Proceed In Forma Pauperis. (Doc. No. 2).

Plaintiff's objection that he cannot provide the proper material unless the Court orders AMF to do so is without merit. A Michigan Department of Corrections Policy Directive regarding prisoner funds is instructive as to the procedures in which prisoners are provided with their Trust Account Statements. See MDOC Policy Directive 04.02.105, available at http://www.michigan.gov/documents/corrections/04_02_105_ 305 884_7.pdf. The Directive provides that "[t]he prisoner shall be provided with a statement of his/her account activity at least quarterly which identifies when and why funds were removed from, and any debts and holds were placed on, the account." Id. at 8. If the prisoner transfers to another correctional facility, "the prisoner's trust account shall be transferred to the receiving institution within five business days following the prisoner's transfer." Id. Therefore, it is Plaintiff's responsibility to provide the necessary support for his Application to Proceed Without Prepayment of Fees. As he has failed to do so, the Court dismisses his application without prejudice so that he may refile with the proper documentation.

### B. Plaintiff's Motions for U.S. Marshal Service

At the request of a plaintiff proceeding in forma pauperis, a court must have a United States marshal, deputy United States marshal, or a person specially appointed by the court serve the summons and complaint upon any Defendants. Fed. R. Civ. P. 4(c)(3). If the plaintiff is proceeding in forma pauperis, the U.S. Marshal's failure to serve a defendant may provide the plaintiff with good cause for a failure to serve. See Byrd v. Stone, 94 F.3d 217, 220 (6th Cir. 1996). As Plaintiff has not met the statutory requirements to proceed in forma pauperis, Plaintiff's objection that he is entitled to U.S. Marshal service is moot.

## IV. CONCLUSION

For the reasons stated above, the Court **REJECTS** Plaintiff's objections, **ADOPTS IN PART** the R&R, **DISMISSES** without prejudice Plaintiff's Application to Proceed Without Prepayment of Fees, and **DISMISSES AS MOOT** Plaintiff's April 8, 2011 and June 6, 2011 Motions for Marshal Service Upon Defendants.

**IT IS SO ORDERED.**

s/Marianne O. Battani
U. S. District Court Judge

Dated: October 18, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via ordinary U.S. Mail and/or electronically.

s/Bernadette M. Thebolt
Case Manager